# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUDOLPH J. REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-266-GPM |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (Doc. 6). On April 9, 2009, Plaintiff filed this civil complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision by Defendant to deny his claim for disability benefits (Doc. 4).

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). While *in forma pauperis* status generally applies to *pro se* litigants, Local Rule of the United States District Court for the Southern District of Illinois 3.1(c)(1) contemplates that such status may be granted to an applicant who is represented by an attorney, as in this case. Under Local Rule 3.1(b), any person seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 shall submit an affidavit of poverty which shall conform, as nearly as possible and as applicable, with the form

affidavit used pursuant to 28 U.S.C. § 2254.

In this case, the affidavit supporting Plaintiff's application contains the requisite information and reveals that he is not presently employed; he is without savings of any kind; he does not own an automobile; he rents his house; and he owes whatever doctor and prescription costs are not covered by Medicaid. The Court finds Plaintiff to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

As an additional matter, the Court has reviewed Plaintiff's complaint and finds that, at this time, the action does not appear to be frivolous or malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or facts to support his claim for relief).

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) is **GRANTED** as to this Court only. The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank form of summons and three blank forms USM-285. Plaintiff is **ORDERED** to complete the form of summons and return it to the Clerk of Court. The Clerk of Court **SHALL** issue the completed summons. Unless service is waived pursuant to Federal Rule of Civil Procedure 4(d), the United States Marshal **SHALL**, in accordance with Rule 4(i), (1) personally or by registered or certified mail serve upon Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order; (2) personally or by registered or certified mail addressed to the process clerk, serve upon the United States Attorney for the Southern District of Illinois copies of the summons, complaint, and this Memorandum and Order; and (3) by registered or certified mail, serve upon the Attorney General of the United States at Washington, D.C., copies of the summons, complaint, and this Memorandum and Order. All costs of service shall be advanced by the United

States. Plaintiff is responsible for providing all necessary materials, including the appropriate number of USM-285 forms, and any necessary copies to the United States Marshal's Service. In completing the steps set forth above, Plaintiff is **ADVISED** pursuant to Rule 4(m) that this action will be dismissed without prejudice if service is not effected within 120 days of the date of this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or upon Defendant's attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

DATED: 05/11/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge